UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ANTHONY SCHLOSSER                                      CIVIL ACTION

VERSUS                                                 NO: 12-1301

METROPOLITAN PROPERTY AND                              SECTION: R
CASUALTY INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is plaintiff Anthony Schlosser's motion to strike defendant Metropolitan Property and Casualty Insurance Company's first, second, and fourth affirmative defenses.[1] For the following reasons, plaintiff's motion is Granted in part and Denied in part.

**I. BACKGROUND**

This case arises out of a car accident that occurred on February 8, 2011. On that date, a car driven by plaintiff, Anthony Schlosser, collided with a car driven by Gilberto Contreras. Plaintiff alleges that Contreras rapidly backed into his car while plaintiff was turning into the parking lot of Regions Bank in Kenner, Louisiana. Plaintiff settled his case against Contreras and Contreras's insurer for $15,000, the

---

[1]   R. Doc. 14.

maximum limit of Contreras's insurance policy.

Plaintiff then brought this suit against defendant, Metropolitan Property and Casualty Insurance Company, plaintiff's uninsured and underinsured motorist insurer. Plaintiff alleges that defendant has failed to make payments according to its insurance policy.[2] Defendant answered the complaint and asserted four affirmative defenses.[3] Plaintiff now moves to strike defendant's first, second, and fourth affirmative defenses.[4]

## II. LEGAL STANDARD

### A. Motions to Strike

Federal Rule of Civil Procedure 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962); *see also Kaiser Aluminum & Chem. Sales, Inc. V. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)("motions to strike a defense are generally disfavored"); *Synergy Mgmt., LLC v. Lego Juris A/S*,

---

[2] R. Doc. 1.

[3] R. Doc. 8.

[4] R. Doc. 14.

2

No. 07-5892, 2008 U.S. Dist. LEXIS 86471, at *1 (E.D. La. Oct. 24, 2008) ("motions to strike made under Rule 12(f) are viewed with disfavor by the federal courts, and are infrequently granted."). A motion to strike should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey*, No. 96-3438, 1998 U.S. Dist. LEXIS 14203, at *7 (E.D. La. Sept. 8, 1998) (citation omitted). Immateriality is established by showing that the challenged allegations "can have no possible bearing upon the subject matter of the litigation." *Bayou Fleet P'ship v. St. Charles Parish*, No. 10-1557, 2011 U.S. Dist. LEXIS 73867, at *16 (E.D. La. Jul. 8, 2011) (citations omitted). Disputed questions of fact cannot be decided on a motion to strike. *Gonzales v. State Farm Mut. Auto Ins.*, No. 10-3041, 2011 WL 2607096, at *5 (E.D. La. July 1, 2011).

**B. Pleading Standard for Affirmative Defenses**

Affirmative defenses are pleadings governed by Rule 8 of the Federal Rules of Civil Procedure. A defendant is required to "state in short and plain terms its defenses to each claim asserted against it" and "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(b)(1)(A), 8(c)(1).

In *Woodfield v. Bowman*, the Fifth Circuit held that affirmative defenses are subject to the same pleading

3

requirements as a complaint and articulated a "fair notice" standard for pleading affirmative defenses. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Under this standard, a defendant is required to plead an affirmative defense "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Id.* (citation omitted).

It is clear that Fifth Circuit law requires an affirmative defense to provide, at a minimum, enough specificity and factual particularity to give the plaintiff "fair notice." *Woodfield*, 193 F.3d at 362. What is less clear is whether an affirmative defense must also meet the heightened plausibility standard of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Rogers v. McDorman,* decided after *Twombly* but before *Iqbal*, the Fifth Circuit relied on the *Woodfield* "fair notice" standard when testing an affirmative defense against Rule 8(c). *Rogers v. McDorman*, 521 F.3d 381, 385-86 (5th Cir. 2008). Although the Court cited *Woodfield* approvingly, the Court did not specifically address whether *Twombly's* heightened plausibility requirements apply to pleading affirmative defenses.

While the Fifth Circuit has not addressed the issue, many district courts have adopted the *Twombly* and *Iqbal* standard for affirmative defenses. *See, e.g.*, *Vargas v. HWC Gen. Maint.*, No. H-11-875, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012);

4

*Herrera v. Utilimap Corp.*, No. H-11-3851, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012); *United States v. Brink*, No. C-10-243, 2011 WL 835828, at *2-3 (S.D. Tex. Mar. 4, 2011); *Bradshaw v. Hilco Receivables*, LLC, 725 F. Supp. 2d 532, 536 (D. Md. 2010); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 & n.15 (D. Kan. 2009)(citing cases applying the *Twombly* standard to affirmative defenses).

Other district courts have declined to adopt the heightened standard for affirmative defenses. *See, e.g.*, *Florida v. DLT Girls*, Inc., No. 4:11-cv-3624, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012); *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *2-3 (N.D. Tex. Jan. 21, 2011); *Bayer Crop Science AG v. Dow Agro Sciences LLC*, No. 10-1045 RMB/JS, 2011 WL 6934557, at *1-3 (D. Del. Dec. 30, 2011) (providing nine justifications for declining to apply the *Twombly* standard to affirmative defenses); *Lane v. Page*, 272 F.R.D. 581, 588-97 (D. N.M. 2011); *Ameristar Fence Prod., Inc. V. Phx. Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009).

Because the challenged affirmative defenses in this case either fail to meet the minimal fair notice standard under *Woodfield*, or exceed the heightened plausibility standard under *Twombly*, respectively, this Court need not address whether the

heightened *Twombly* standard applies to affirmative defenses.

**III. DISCUSSION**

Plaintiff requests that this Court strike defendant's first, second, and fourth affirmative defenses.

**A. First Affirmative Defense**

Defendant's first affirmative defense asserts "[t]he plaintiff failed to state a claim upon which relief can be granted."[5] This affirmative defense mimics form 30 in the appendix to the Federal Rules of Civil Procedure and is therefore sufficient as a matter of law. *See* Fed. R. Civ. P. 84, Form 30; *see also Harris v. USA Ins. Co.*, No: 11-201, 2011 U.S. Dist. LEXIS 97250, at *7 (E.D. La. Aug. 30, 2011). Accordingly, defendant's assertion that Plaintiff has failed to state a claim is sufficient. *See also Lane*, 272 F.R.D. at 597 (denying a motion to strike an affirmative defense of failure to state a claim and noting "[t]he reasons for this defense are better set forth in a rule 12(b)(c) motion rather than at length in the answer").

**B. Second Affirmative Defense**

Defendant's second affirmative defense asserts "[a]ny award to plaintiff should be barred and/or reduced due to plaintiff's

---

[5] R. Doc. 8.

contributory negligence and/or comparative fault and/or that of a third party."[6] An affirmative defense of contributory negligence need not accompanied by extensive factual allegations, and cases predating *Woodfield* suggest that no facts are required at all. *See American Motorists Ins. Co. V. Napoli*, 166 F.2d 24, 26 (5th Cir. 1948); *Sutton v. United States*, Civ. A. No. 91-1777, 1993 WL 262674, at *2 (E.D. La. July 1, 1993). *Woodfield*, however, requires a defense of contributory negligence or comparative fault to provide fair notice to the plaintiff of the nature of the defense. *See Harris*, 2011 U.S. Dist. LEXIS 97250, at *7 (striking an affirmative defense asserting contributory negligence). This defense fails to provide any facts supporting the factual basis for the plaintiff's contributory negligence or a third party's comparative fault. Accordingly, the Court strikes defendant's second affirmative defense as it fails to provide plaintiff with fair notice under *Woodfield*.

**C. Fourth Affirmative Defense**

Defendant's fourth affirmative defense asserts that plaintiff's claims for exemplary or punitive damages are "unconstitutional and barred by the Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution, and proscribed under

---

[6] R. Doc. 8.

Louisiana law."[7] This assertion does not meet the minimum fair notice test under *Woodfield*. It does not identify the applicable state law provisions, or the factual basis for the application of any legal provision. This defense fails to give plaintiff even fair notice under *Woodfield* because "[t]he general reference to 'statute'. . . could support a host of reasons to deny relief.". *Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *4 (striking a similar affirmative defense under *Woodfield* and noting that such defenses are "broadly-worded averment[s] that cover[] a multitude of potential defenses."). Accordingly, the Court grants the motion to strike as to defense four.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to strike as to the first defense. Because the Court finds that defendant failed to sufficiently plead their second and fourth defenses, the Court GRANTS plaintiff's motion to strike as to those claims but gives defendant fourteen days to amend its answer to assert its defenses properly.

New Orleans, Louisiana, this 6th day of September, 2012.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7]    R. Doc. 8.