UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY SCHLOSSER | CIVIL ACTION |
| VERSUS | NO: 12-1301 |
| METROPOLITAN PROPERTY AND<br>CASUALTY INSURANCE COMPANY | SECTION: R |

**ORDER AND REASONS**

Before the Court is defendant Metropolitan Property and Casualty Insurance Company's motion for partial summary judgment. For the following reasons, the Court GRANTS defendant's motion.

I.  **BACKGROUND**

This case arises out of a car accident that occurred on February 8, 2011.[1] On that date, a car driven by plaintiff, Anthony Schlosser, collided with a car driven by Gilberto Contreras.[2] Plaintiff alleges that Contreras rapidly backed into his car while plaintiff was turning into the parking lot of Regions Bank in Kenner, Louisiana.[3] In support of his insurance claim, plaintiff attached a police report from the scene of the accident which supplied an account of Schlosser's and Contreras's statements regarding the accident: "The Reporting Person

---

[1] R. Doc. 1-1.

[2] *Id.*

[3] *Id.*

(RP)[Schlosser] advised involved person one (IP1)[Contreras] hit the rear left fender of his vehicle (vehicle two) with vehicle one. The RP [Schlosser] advised as he was attempting to park, IP1 [Contreras] back [sic] out of his parking space and into his vehicle. IP1 [Contreras] advised the RP [Schlosser] was speeding in the parking lot and he did not see him."[4]

Plaintiff settled his case against Contreras and Contreras's insurer for $15,000, the maximum limit of Contreras's insurance policy.[5] Plaintiff then brought this suit against defendant, Metropolitan Property and Casualty Insurance Company, plaintiff's uninsured and underinsured motorist insurer. Plaintiff alleges that defendant has failed to make payments in accordance with its insurance policy.[6] Additionally, plaintiff alleges that Metropolitan's refusal to pay has been arbitrary and capricious and seeks penalties pursuant to La. Rev. Stat. Ann. §§ 22:1892, 1973 (2011).[7] Defendant now moves for partial summary judgment to dismiss plaintiff's claim for penalties.[8]

---

[4] R. Doc. 17-4.

[5] R. Doc. 1-1.

[6] R. Doc. 1-1..

[7] *Id.*

[8] R. Doc. 17.

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by

either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

**B. Penalties for Failing to Pay Insurance Claims**

Louisiana law authorizes the recovery of bad faith penalties from insurers under two provisions. Under La. Rev. Stat. Ann. § 22:1892(A)(1), "all insurers . . . shall pay the amount of any

4

claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured." § 22:1892(A)(1). If an insurer refuses to pay a claim within 30 days of receiving satisfactory proof of loss, then § 22:1892(B)(1) provides that the insurer is subject to penalties if its conduct is "found to be arbitrary, capricious, or without probable cause." § 22:1892(B)(1). In addition, Section 22: 1973 requires insurers to act in good faith and provides for penalties if an insurer fails to pay a claim within sixty days after receipt of satisfactory proof of loss when "such failure is arbitrary, capricious, or without probable cause." § 22:1973(B)(5).

The insured who claims penalties "has the burden of proving that the insurer has received 'satisfactory proof of loss' as a necessary predicate to a showing that the insurer was arbitrary, capricious or without probable cause." *Hart v. Allstate Ins. Co.*, 437 So. 2d 823, 828 (La. 1983). Further, both § 22:1892 and § 22:1973 must be "strictly construed and should not be invoked when the insurer has a reasonable basis for denying coverage." *In re Hannover Corp.*, 67 F.3d 70, 73 (5th Cir. 1995).

Satisfactory proof of loss is a showing "sufficient to fully apprise the insurer of the insured's claim." *Hart*, 437 So. 2d at 828; *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985). A person who invokes an uninsured motorist provision must establish that he is "legally entitled to recover." *Hart*, 437 So.

2d at 828. This requires that he prove that the "insurer received sufficient facts which fully apprise the insurer" of four elements: "(1) [that] the owner or operator of the other vehicle involved in the accident was uninsured or underinsured; (2) that he was at fault; (3) that such fault gave rise to damages; and (4) establish the extent of those damages." *McDill*, 475 So. 2d at 1089.

**III. SATISFACTORY PROOF OF LOSS**

Defendant argues that it is entitled partial summary judgment on plaintiff's bad faith claims because Schlosser did not provide it with satisfactory proof of loss. Specifically, defendant asserts that Schlosser did not establish that the accident was Contreras's fault. *See Hart*, 437 So. 2d at 828 ("'[L]egally entitled to recover' mean[s] simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages.").

Plaintiff's claim for penalties must fail if there "was a genuine issue as to who was at fault in the accident." *Hart*, 437 So. 2d at 828. In *Hart v. Allstate Ins. Co.*, for example, the Court held that plaintiff did not provide satisfactory proof of loss because there was a genuine dispute as to fault. *Id.* There, the insured informed the insurer that the driver had "switched

6

lanes several times and that the accident occurred in the 'middle of both lanes.'" *Id.* The Court found a genuine dispute as to fault even though the uninsured motorist admitted fault at the scene of the accident and was charged with reckless driving. *Id.* at 826, 828; *cf. McDill*, 475 So. 2d at 1090 (finding no dispute as to fault when no evidence supported insurer's contention that insured's negligence contributed to accident). Accordingly, the insured in *Hart* was not entitled to penalties. *Id.* at 829.

The facts of this case are similar to *Hart* because the evidence available to the insurer showed that fault was genuinely disputed. On August 27, 2011, plaintiff's counsel filed its claim with defendant under plaintiff's uninsured/underinsured motorist coverage.[9] On September 1, 2011, plaintiff's counsel supplied defendant with the police report that described the accident.[10] Although Schlosser told the police that Contreras backed into the rear left fender of his vehicle in the parking lot, Contreras told the police that Schlosser "was speeding in the parking lot and he did not see him."[11] Contreras's statement that Schlosser

---

[9] R. Doc. 19-1.

[10] R. Doc. 17-3, 17-4. Plaintiff's counsel had received the report on February 15, 2011. R. Doc. 17-4.

[11] R. Doc. 17-4.

was speeding in the parking lot indicated that fault was disputed when plaintiff submitted his claim to Metropolitan.[12]

Plaintiff advances a number of arguments in support of his position, but none has merit. First, he suggests that Contreras's statements were contradictory because he said that Schlosser was speeding and that "he did not see him."[13] Yet, Contreras's statement was not necessarily contradictory because it is possible for Contreras to have noticed that Schlosser was speeding, but not to have seen him in time to stop. Further, it is not clear from the police report to whom Contreras was referring when he said "he" didn't see him. The statement could be read that Schlosser was speeding and that it was *Schlosser* who did not see Contreras. Nevertheless, it is beyond dispute that the police report, even under plaintiff's reading, establishes that Contreras said Schlosser was speeding at the time of the accident. Thus, the report submitted with plaintiff's claim showed that at the scene of the accident, both drivers blamed each other. Further, Contreras did not receive a ticket, which is additional proof that his fault was not obvious.

---

[12] Metropolitan submits that Contreras himself asserted a claim against Metropolitan as Schlosser's liability insurer. R. Doc. 24 at 2. The Court does not credit this assertion because Metropolitan did not submit any exhibit supporting the existence of this claim.

[13] R. Doc. 17-4.

Plaintiff's second argument is that the location of the damage to plaintiff's car indicates that the accident was Contreras's fault. The argument is likewise unpersuasive because it does not necessarily counter the statement in the report that Schlosser was speeding. Plaintiff's last argument is that Contreras's insurance company settled the claim for $15,000. Settlement of a claim does not amount to an admission of liability; instead, it is merely reflects a choice by the insurer not to defend the suit. The insurer's position as to who was at fault would not bind defendant in this case. *See Hart*, 437 So 2d. 823 at 828 (noting that an admission of fault by an uninsured driver is not binding on insurer).

Thus, the record establishes that a dispute existed as to who was at fault when plaintiff submitted his claim, which provided a reasonable basis for Metropolitan to defend the suit. Accordingly, Metropolitan is entitled to partial summary judgment on plaintiff's bad faith claim because statutory penalties are not available when the insurer has a reasonable basis to defend against coverage. *See In re Hannover Corp.*, 67 F.3d 70, 73 (5th Cir. 1995); *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1111 (5th Cir. 1991); *Block v. St. Paul Fire & Marine Ins. Co.*, 742 So. 2d 746 (La. Ct. App. 1999) (noting that penalties should not be applied "where there is a reasonable and legitimate question as to the extent and *causation* of a claim; bad faith

should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist") (emphasis added).

**IV. NO ADDITIONAL DISCOVERY IS NECESSARY**

Plaintiff asks for additional discovery before the Court decides this motion. But whether an insurer's refusal to pay is "arbitrary, capricious, or without probable cause depends on the facts known to the insurer at the time of its action." *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003). Further discovery is therefore unnecessary because the record contains the facts made known to the insurer upon which plaintiff relies for his penalties claim. These facts establish a dispute as to fault at the time the insurer acted, and the existence of this dispute is dispositive of this motion as a matter of law.

**V. CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.

New Orleans, Louisiana, this 27th day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE